**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SACHIN KUMAR,

      Petitioner,

v.                                                                 No. 2:26-cv-01391-DHU-KRS

JAIME RAYE CARNES, in her official capacity as Warden
of the ICE Torrance County Processing Center; MARISA
FLORES, in her official capacity as El Paso Field Office
Director for U.S. Immigration and Customs Enforcement; and
MARKWAYNE MULLIN, in his official capacity as Secretary
of the Department of Homeland Security,

      Respondents.

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Pascual Sachin Kumar's First Amended

Petition for Writ of Habeas Corpus. Doc. 3. Petitioner alleges that Respondents have unlawfully

detained him without a bond hearing, in violation of the Immigration and Nationality Act ("INA")

and the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 76-84. He asks this Court to order

Respondents to immediately release him or, in the alternative, provide him with a bond hearing

pursuant to 8 U.S.C. § 1226(a) within seven (7) days. *Id.* at 25. Having considered the parties'

briefs, the record, and the relevant law, the Court **GRANTS IN PART** Petitioner's Petition for

Writ of Habeas Corpus, and orders Respondents to provide Petitioner with a bond hearing before

an Immigration Judge ("IJ") pursuant § 1226(a) within seven (7) days.

**I.**
**BACKGROUND**

1. Petitioner is a native and citizen of India who entered the United States without inspection

    on or about December 25, 2023. *Id.* ¶ 20.

2. Petitioner was detained by Immigration and Customs Enforcement ("ICE") on December 26, 2025. *Id.* ¶ 23.

3. He was issued a Notice to Appear and placed in removal proceedings. His Notice to Appear charges him as a noncitizen present in the United States who has not been admitted or paroled. *Id.* ¶ 22.

4. Petitioner was subsequently transferred to the Torrance County Detention Center in Estancia, New Mexico, where he remains in custody. *Id.* ¶ 23.

On May 4, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, and on May 6, 2026, filed a First Amended Petition for Writ of Habeas Corpus ("Habeas Petition"). Docs. 1, 3. In his Habeas Petition, Petitioner argues that his detention without a bond hearing violates the INA and the Due Process Clause. *Id.* ¶¶ 76-84. Petitioner specifically argues that his detention is governed by § 1226(a) because he was already residing in the United States when he was detained and is, therefore, entitled to a bond hearing. *Id.* ¶ 77. He cites multiple decisions from this Court and from other courts in this District to support his arguments. *See id.* ¶¶ 1, 44. Petitioner further argues that his prolonged detention without a bond hearing violates his due process rights. *Id.* ¶¶ 79-84. He asks this Court to: 1) assume jurisdiction over this matter; 2) enjoin his removal outside the District of New Mexico pending resolution of the matter; 3) issue an Order to Show Cause; 4) issue a Writ of Habeas Corpus requiring Respondents to immediately release him or, in the alternative, provide him with a bond hearing pursuant to § 1226(a) within seven (7) days, at which Respondents bear the burden of justifying his continued detention by clear and convincing evidence; 5) enjoin Respondents from denying bond on the basis of § 1225(b) or *Hurtado* and further enjoin Respondents from preventing his release on bond by invoking an automatic stay; 6) enjoin Respondents from imposing conditions of release, including but not limited to a GPS ankle

monitor, unless approved by an IJ at the bond hearing; 7) require that Respondents return all of Petitioner's property in their custody; 8) enjoin Respondents from re-detaining Petitioner without first affording him a pre-deprivation hearing before a neutral decisionmaker; 9) declare that his continued detention violates the INA and the Due Process Clause; and 10) grant any other and further relief that this Court deems just and proper. *Id.* at 24-25.

On May 14, 2026, this Court issued an Order to Show Cause, requiring Respondents to respond to the Habeas Petition within ten (10) business days. Doc. 5.

On May 28, 2026, Respondents filed their response to the Habeas Petition, which was amended, on June 3, 2026, in their sur-reply. *See* Docs. 9, 17. Respondents' position is that Petitioner is subject to mandatory detention. Doc. 17 at 1. Respondents, however, acknowledge that there is no "material difference between the facts in this case and those in" *Requejo Roman v. Castro*, 816 F.Supp.3d 1267 (D.N.M. 2026). *Id.*

On May 29, 2026, Petitioner filed his reply. Doc. 10. In his reply, Petitioner notes that "every United States District Judge and United States Magistrate Judge in the District of New Mexico who has addressed the [same] issue has rejected the Government's interpretation of 8 U.S.C. §§ 1225 and 1226." *Id.* at 4 (citing *Singh v. Warden*, No. 2:26-cv-00853-DHU-LF, 2026 WL 1236123, at *1, (D.N.M. May 5, 2026)).

Also, on May 29, 2026, Petitioner filed a Motion for Temporary Restraining Order ("TRO"). Doc. 11. In the Motion for TRO, Petitioner requests the same relief requested in his Habeas Petition—immediate release or a prompt bond hearing. *Id.* at 10.

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief,

arguing that his prolonged detention without a meaningful bond hearing violates the INA and the Due Process Clause.

The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

**III.**
**DISCUSSION**

This case is not the first of its kind in this Court. In fact, as Respondents acknowledge, this Court has already considered the statutory and constitutional issues raised by Petitioner. *See Requejo Roman v. Castro*, 816 F.Supp.3d 1267 (D.N.M. 2026). The facts here are not materially different than those that the Court has previously analyzed. Accordingly, the Court's conclusion is the same.

Following this Court's decisions in *Requejo Roman*, as well as the decisions of the vast majority of federal courts in the Tenth Circuit that have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under § 1226 and are entitled to a bond hearing.[1] Petitioner, who entered

---

[1] The Court notes that the Second, Sixth and Eleventh Circuit Court of Appeals have analyzed this issue and reached the same conclusion. *See Barbosa da Cunha v. Freden*, -- F.4th--, 2026 WL 1146044 (2nd Cir. 2026); *Lopez-Campos v. Raycraft*, --F.4th--, 2026 WL 1283891 (6th Cir. 2026); *Hernandez Alvarez v. Warden*, -- F.4th--, 2026 WL 1243395 (11th Cir. 2026). The Court also acknowledges that the Fifth Circuit and Eight Circuit Court of Appeals have reached the opposite conclusion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, --F.4th--, 2026 WL 819258 (8th Cir. 2026). The Tenth Circuit Court of Appeals has not yet addressed the issue.

the United States over two years ago, is properly detained pursuant to § 1226 and, therefore, entitled to a bond hearing. Respondents' misclassification of Petitioner under § 1225 and the resultant denial of a bond hearing deprived Petitioner of his due process rights. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. For a detailed account of the Court's reasoning relevant to its decision, see *Requejo Roman*, 816 F.Supp.3d 1267.

**IV.**
**CONCLUSION**

For the reasons stated above, and articulated in greater detail in *Requejo Roman*, Petitioner's First Amended Petition for Writ of Habeas Corpus (Doc. 3) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order, which is on or before Wednesday, June 10, 2026. If Petitioner does not receive such a hearing on or before Wednesday, June 10, 2026, he shall be immediately released. At the bond hearing, the assigned IJ is hereby ordered to first turn to the Government, who shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community to justify continued detention. If the IJ determines that the Government has met its burden, the IJ may then turn to Petitioner for his arguments. The assigned IJ is also hereby ordered not to consider, deny bond, or otherwise rely on *Matter of Hurtado*.

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court no later than Thursday, June 11, 2026, confirming whether a bond hearing was held and the result of said hearing.

**IT IS FURTHER ORDERED** that, if Petitioner is granted bond and released, Respondents shall promptly return Petitioner's property in their custody to him, specifically no later than thirty (30) days.

Finally, because this Court is ruling on Petitioner's Amended Petition for Writ of Habeas Corpus and granting him relief in this Order, Petitioner's Motion for TRO (Doc. 11) is **DENIED AS MOOT**.

   **IT IS SO ORDERED.**

             _____
             HONORABLE DAVID HERRERA URIAS
             UNITED STATES DISTRICT JUDGE